On the trial it was proved for the State that four pigs, the property of the prosecutor, had been stolen, and that shortly thereafter two of them were found in the possession of the defendant, and the other two in the possession of a person of color, to whom the defendant, had sold them, after having put them in the mark of an uncle of his who had (121) been dead five or six years. It appeared further that the defendant was a young unmarried man and lived with his father at the time of the transaction, and that his father owned hogs marked differently from those of his deceased brother, the uncle of the defendant above mentioned. It was also proved for the State that the defendant left the State for Tennessee the week after the court at which the indictment was found against him and that he returned to Chowan County the week before the next succeeding court, and that he said it was in consequence of the indictment that he was going off.
The defendant, in attempting to account for his possession of the property, called upon a witness by the name of Dennis, his brother-in-law, who stated that the defendant requested him to come to the town of Edenton to assist him in hunting for some pigs which he had lost that morning, describing their number, size, and color; that this was on Sunday morning; that after going to two or three other places they went to the house of a free negro woman, living in the suburbs of the town, where they found the pigs as described by the defendant, in number, color, and size; that the defendant inquired of the woman how she came by the pigs; the witness did not recollect her answer, but the defendant then took the pigs, and after selling two of them carried the others to his father's. The defendant then introduced two other witnesses, a Mrs. King, and his brother, William Jones, who stated that the defendant had told them that he lost his pigs on the same Sunday Morning, and they believed that he had lost them. William Jones stated that his brother had lost pigs. These witnesses further stated that when the defendant went off on the same morning to look for his pigs he took his bag with him, and returned about breakfast time with three of his pigs, and that one of the three was claimed by another person and given up. The defendant then introduced a Mr. Smith, a merchant residing in the town of Edenton, who proved that on Saturday night preceding Sunday *Page 97 
morning, between 7 and 8 o'clock at night, the defendant came to his store and asked him to assist him in looking for some pigs which defendant stated that he had lost that evening. This witness further stated that the defendant told him very early next morning that he had found two of his pigs. The defendant also introduced a witness (122) by the name of McNider, who stated that about half an hour by sun on the same Sunday morning the defendant told him that he had found all his pigs in the possession of the negro woman living in the suburbs.
The court, in charging the jury, left it to them to ascertain whether the evidence offered connected the defendant with the felonious possession of the pigs anterior to the time when they were found by the defendant and his brother-in-law, Dennis, in the possession of the free woman of color.
The counsel for the defendant then moved the court to instruct the jury that there was no evidence to connect the defendant with the felonious possession of the pigs before the time they were found in the possession of the free woman. The court declined giving such instruction, but on the contrary charged the jury that there was evidence of the felonious taking, but its weight and effect was for them to decide, and that if it satisfied them beyond a reasonable doubt of the defendant's guilt, they were bound to convict him. The defendant was found guilty and appealed.
The property which the indictment charged the defendant to have feloniously taken and carried away, was on the trial proved to have been stolen from the prosecutor, and shortly thereafter the identical property was found in possession of the defendant. This proof having been made on behalf of the State, raised a presumption that the defendant was the thief. The effect of this evidence was to throw upon the defendant the burden of accounting for that possession. Evidence of this nature is by no means conclusive, and it is stronger or weaker as the possession is more or less recent. The rule is that recent possession raises a reasonable presumption against the prisoner. East. P. C., 657, 2 Starkie's Evidence, 450. The defendant introduced evidence to explain his possession, and for the purpose of repelling the presumption that he stole the property. His brother stated that the defendant had lost pigs; but when he lost them or what sort they were he did not (123) state. His brother-in-law Dennis stated that the defendant told him on Sunday morning that he had on that morning lost pigs, and he *Page 98 
described the number, color, and size; they went in search and at the house of a free woman of color they found the pigs as described by the defendant in number, color, and size. He told Mrs. King and his brother that he lost his pigs on Sunday morning. He told Mr. Smith on Saturday evening that he had lost his pigs on Saturday evening and asked his assistance in searching for them. The court left it to the jury to ascertain whether the evidence offered connected the defendant with the felonious possession of the pigs anterior to the time they were found in the possession of the free woman by the defendant and Dennis. The counsel for the defendant moved the court to instruct the jury that there was no evidence to connect the defendant with the felonious possession of the pigs before the time they were found in the possession of the free woman. The court refused to give such instruction, but charged the jury that there was evidence of the felonious taking, but its weight and effect was for them to decide on. On the first branch of the charge there can be no objection; and on the second we think the defendant had no right to demand of the court the charge prayed. The declaration of the defendant to Dennis, on Sunday morning before they went to the house of the free woman, of the number, size, and color of the identical pigs which were proved to belong to the prosecutor, and which were also proved to have been recently stolen from the prosecutor, connected with the different statements which the defendant had made as to the time he lost his pigs, with the circumstances of his marketing these pigs, and his leaving the State, all taken together, precluded the judge from saying there was no evidence to connect him with the taking before they went to the woman's house on Sunday morning. The evidence was properly left to the jury for them to say whether they were satisfied beyond a reasonable doubt that the defendant had stolen the property, and had carried it to the free woman's house as a cloak to the transaction. We see nothing erroneous in the opinion delivered by the Court. Therefore the Superior Court will proceed to judgment in the case according to this (124) opinion.
PER CURIAM. Judgment affirmed.
Cited: S. v. Patterson, 78 N.C. 473; S. v. McRae, 120 N.C. 609. *Page 99